**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARY-ANN BERNADETTE KERRIGAN, | No. 18-35019 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01637-RSM |
| v. | |
| QBE INSURANCE CORPORATION, a foreign company, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted September 12, 2018[**]

Before: LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Mary-Ann Bernadette Kerrigan appeals pro se from the district court's

summary judgment in her diversity action alleging state law claims arising from a

homeowners insurance policy. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We affirm.

The district court properly granted summary judgment on Kerrigan's extra-contractual claims because Kerrigan failed to raise a genuine dispute of material fact as to whether defendant's investigation of her insurance claim and the denial of benefits was reasonable. *See* Wash. Rev. Code § 48.30.015(1) (requirements for an Insurance Fair Conduct Act claim); *Truck Ins. Exch. v. Vanport Homes, Inc.*, 58 P.3d 276, 284 (Wash. 2002) (en banc) (discussing insurance claims under the Washington Consumer Protection Act); *First State Ins. Co. v. Kemper Nat'l Ins. Co.*, 971 P.2d 953, 959 (Wash Ct. App. 1999) (recognizing ordinary care standard for a negligent claim handling); *Indus. Indem. Co. of the Nw. v. Kallevig*, 792 P.2d 520, 526 (Wash. 1990) (en banc) (requirements for bad faith and breach of fiduciary duty claims brought by an insured); *Dicomes v. State*, 782 P.2d 1002, 1012 (Wash. 1989) (en banc) (elements of a tort of outrage claim); *see also Mut. of Enumclaw Ins. Co. v. Dan Paulson Constr., Inc.*, 169 P.3d 1, 8 (Wash. 2007) ("[T]o establish bad faith, an insured is required to show the breach was unreasonable, frivolous, or unfounded." (citation omitted)).

In her opening brief, Kerrigan fails to challenge the district court's dismissal of her claims premised on the insurance contract and specifically its ruling

regarding the insurance policy's one-year contractual limitations provision, and she has therefore waived any such challenge. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant . . . .").

Kerrigan's motions to supplement the record (Docket Entry Nos. 2, 10) are denied because Kerrigan has not demonstrated "extraordinary circumstances." *See Gonzalez v. United States*, 814 F.3d 1022, 1031 (9th Cir. 2016) ("Absent extraordinary circumstances, we generally do not permit parties to supplement the record on appeal.").

The parties' motions to strike various filings (Docket Entry Nos. 6, 7, 26) are denied.

**AFFIRMED.**

18-35019